UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOSEPH HENRY MARTINEZ,        ) | |
|     PLAINTIFF,        ) | |
| ) | |
| v.        ) | No.: 2:21-cv- 2290 |
| ) | |
| CITY OF KANKAKEE,        ) | JURY TRIAL |
|     DEFENDANT.        ) | DEMANDED |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, Mr. Joseph Henry Martinez ("Plaintiff" or "Martinez"), by and through his attorney of record, Ronald S. Langacker, and for his complaint against Defendant, City of Kankakee ("City"), hereby states as follows:

**NATURE OF THE ACTION**

1. This is an action brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, ("Title VII") which prohibits discrimination on the basis of race; and 42 U.S.C. §12101 *et seq.*, the Americans with Disabilities Act, ("ADA") which prohibits discrimination on the basis of disability. Plaintiff seeks injunctive relief including, but not limited to, back pay and reinstatement to his prior position, other make-whole relief, compensatory damages, and punitive damages against Defendant.

**JURISDICTION**

2. This suit alleges violations of Title VII and the Americans with Disabilities Act. This Court has jurisdiction of this action pursuant to 42 U.S.C. § 2000e(f)(3), 42 U.S.C. §12101 *et. seq.*, and 28 U.S.C. §§ 1331 and 1343.

3. Venue of this Complaint is proper in the Central District of Illinois, as all actions alleged herein occurred within Kankakee County, Illinois, which lies within the Central District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff has exhausted all of his administrative remedies prior to bringing this lawsuit.

5. Plaintiff filed Charge of Discrimination #440-2021-01800 with the Equal Employment Opportunity Commission ("EEOC") on March 31, 2021, and an Amended Charge of Discrimination under the same Charge number on May 24, 2021 (Exhibits A and B). Plaintiff received a Notice of Right to Sue from the EEOC on August 21, 2021 (Exhibit C). All allegations of said charges and exhibits are incorporated by reference.

## PARTIES

6. Plaintiff, Mr. Joseph Martinez, was at all relevant times herein a resident of Kankakee County, Illinois; an employee of Defendant, City of Kankakee; and at the time of his termination, held a Sergeant position with the Kankakee Police Department. Plaintiff is protected by Title VII of the Civil Rights Act of 1964 from discrimination because of his national origin (Hispanic), pursuant to 42 U.S.C. § 2000e-2(a).

7. Defendant, City of Kankakee, is a municipality incorporated under the laws of the State of Illinois. The City of Kankakee Police Department is an executive department of the municipality. At all relevant times, Defendant, City of Kankakee was an employer, joint employer or prospective employer as defined in 42 U.S.C. § 2000e, and the Americans with Disabilities Act, 42 U.S.C. §12101.

## STATEMENT OF FACTS

8. Plaintiff, Joseph Martinez ("Martinez"), was hired by the Kankakee Police Department on October 22, 2006. Martinez worked as a patrol officer for six years before being promoted to the role of Detective/Investigator, where he served from 2012 through 2020. While serving as a Detective/Investigator, Martinez worked in the homicide division. Through his time with the

Kankakee Police Department, Martinez has had no suspensions and numerous commendation letters.

9. Prior to his employment with the City of Kankakee, Martinez was a U.S. Marine who served two active tours of duty in Iraq. Martinez was diagnosed with Post-Traumatic Stress Disorder ("PTSD") as a result of his experience in active duty. The City of Kankakee was aware of Martinez's veteran status and disability.

10. In January 2020, Martinez began to suffer extreme anxiety, nightmares, and PTSD flashbacks triggered by the numerous homicide scenes he investigated. Plaintiff self-medicated with alcohol and began to binge drink at least once a week to the point where he blacked out.

11. In February of 2020, the Kankakee Police Department became aware through a confidential informant that Martinez was alleged to have used an illegal substance in January while off-duty. Despite being aware of the Plaintiff's PTSD diagnosis and potential substance abuse issues, Police Chief Frank Kosman did not take any action to provide any substance abuse treatment information or assistance to Martinez.

12. In August 2020, Martinez accepted that he had a problem with alcohol and contacted the Employee Assistance Program ("EAP") offered by the Defendant to discuss his alcohol abuse. Martinez began treating with a therapist, and his mental health improved and his PTSD symptoms lessened. In December of 2020, Martinez was promoted to the rank of Sergeant.

13. On January 6, 2021, Martinez was placed on administrative leave pending an investigation into an incident from January 2020 involving Martinez's alleged use of an illegal substance.

14. Martinez voluntarily took a drug test immediately after he was placed on administrative leave. The test came back negative for alcohol and/or narcotics.

3

15. Martinez met with Chief Kosman and the City's HR Director on January 13, 2021, and provided them with documentation of the drug test as well as documentation relating to his treatment or alcohol abuse. Chief Kosman and the City's representative refused to accept the documentation.

16. Martinez advised the City that Caucasian officers who had faced similar substance abuse issues were provided treatment and then returned to duty. Martinez asked for similar discipline, especially since he had self-reported to the EAP program and voluntarily sought treatment. Chief Kosman specifically said that he would seek a termination for Martinez regardless of the medical documentation Martinez provided.

17. On January 15, 2021, Martinez met with the City to discuss the allegations regarding his supposed use of an illegal substance almost a year earlier. Martinez advised that he did not recall specific details of that evening almost a year ago as he believed he had been intoxicated and blacked out.

18. On February 1, 2021, the City filed disciplinary charges seeking Martinez's termination.

19. The City of Kankakee Police and Fire Commission ("Commission") held a discharge hearing that began on March 10, and continued to April 12, and April 13, 2021.

20. Through counsel, Martinez presented evidence showing that other Caucasian officers were treated more favorably when the Department had become aware of a potential drug and/or alcohol problem.

21. On March 31, 2021, Martinez filed Charge of Discrimination #440-2021-01800 with the EEOC against the Kankakee City Police Department.[1] Martinez alleged that he had been

---

[1] Plaintiff amended his EEOC charge to incorporate his termination on May 24, 2021.

discriminated against a result of his national origin, and in violation of the Americans with Disabilities Act of 1990.

22. Defendant, City of Kankakee, was aware that Martinez had filed a Charge of Discrimination against them when the discharge hearing before the Commission proceeded to April 12 and April 13, 2021.

23. On April 12, 2021, the Commission found the violations alleged by the Chief Kosman to have been proven, and the following day, the Commission voted for Martinez's termination for cause.

## COUNT I
### (Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.*)

24. Plaintiff repeats and re-alleges the paragraphs in this Complaint as if fully set forth herein.

25. The City of Kankakee is an "employer" within the meaning of Title VII.

26. Plaintiff is an "employee" within the meaning of Title VII.

27. Plaintiff is of Hispanic ancestry, and as a result, he is a protected party under Title VII (Civil Rights Act of 1964, Section 701 *et seq.*, 42 U.S.C. 2000 *et seq*).

28. That at all times throughout his employment, Plaintiff adequately performed his job duties and satisfied all reasonable expectations imposed upon him by Defendant in connection with his employment.

29. Plaintiff was discriminated against on account of his national origin by the City of Kankakee, Plaintiff was placed on administrative leave then subsequently terminated on April 13, 2021.

30. The foregoing disparate treatment of Martinez constitutes harassment and discrimination against him because of his national origin in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq*.

31. That employees of the city who were similarly situated to Plaintiff but were not in the same protected class were not subjected to the same race-based discrimination as Plaintiff.

32. That the discriminatory misconduct described above was the result of a willful or intentional effort on the part of the city to discriminate against the Plaintiff for reason of his national origin.

33. That as a direct and proximate result of one or more of the above acts of intentional discrimination on the basis of national origin, Plaintiff has sustained monetary damages, damage to his professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

### COUNT II
**(Violation of the Americans with Disabilities Act 42 U.S.C. §12101 *et seq.*)**

34. Plaintiff repeats and re-alleges the paragraphs in this Complaint as if fully set forth herein.

35. Defendant, City of Kankakee is an employer as defined by 42 U.S.C.12111(5).

36. The ADA forbids a "covered entity" from discriminating against a "qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112 (a).

37. At all times therein, Plaintiff performed his job in a satisfactory manner.

38. Plaintiff is disabled as that term is defined by the ADA, as he suffers from PTSD and/or a substance abuse disorder. Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as being disabled.

39. Starting in February of 2020, and continuing thereafter, Defendant engaged in unlawful employment practices in violation of Title I of the Americans with Disabilities Act, 42 U.S.C. §12112(a) and (b) as described above.

40. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability in violation of the ADA.

41. Defendant's actions as described above constitute illegal discrimination based on Plaintiff's disability, in violation of Plaintiff's rights secured by the ADA.

42. As a direct and proximate result of Defendant's illegal discrimination as described above, Plaintiff has lost, and is expected to continue to lose, income in the form of wages and prospective retirement benefits, social security and other benefits, and has suffered emotional pain, mental anguish, loss of enjoyment of life, and non-pecuniary losses.

43. Defendant's conduct as alleged in this Count is properly categorized as intentional, oppressive, malicious, exceptionally reprehensible, and demonstrated a total disregard for the rights and liberties of Plaintiff. Accordingly, an award of punitive damages against Defendant is warranted.

## COUNT III
**(Retaliation in Violation of Title VII)**

44. Plaintiff repeats and re-alleges the paragraphs in this Complaint as if fully set forth herein.

45. Title VII makes it an unlawful employment practice for a person covered by the Act to discriminate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

46. As described above, Plaintiff filed a charge of discrimination with the EEOC on March 31, 2021, alleging that he had been discriminated against due to his national origin (Hispanic).

47. Plaintiff, in good faith, believed that the above-described less favorable terms and conditions of employment that he was subjected to were illegal workplace discrimination as a result of his national origin.

48. Defendant was aware that Plaintiff filed a cause of action with the EEOC, and were aware that Plaintiff alleged that he was being treated less favorably by the City due to his national origin during the Commission hearing.

49. Plaintiff suffered an adverse action, as he was terminated by the Commission on April 13, 2021.

50. A causal connection exists between the Plaintiff's protected activity and Defendant's adverse action against him.

51. As a direct and proximate result of one or more of the acts of retaliation as described above, Plaintiff has sustained monetary damages, damage to his professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

## COUNT IV
**(Retaliation in Violation of the Americans with Disabilities Act)**

52. Plaintiff repeats re-alleges all of the paragraphs in this Complaint as if fully set forth herein.

53. The ADA prohibits retaliation for engaging in protected activity, such as requesting reasonable accommodation or filing an anti-discrimination complaint before the EEOC. See 42 U.S.C. § 12203(a).

54. As described above, Plaintiff filed a charge of discrimination with the EEOC on March 31, 2021, alleging that he had been discriminated against as a result of his disability.

55. Plaintiff, in good faith, believed that the above-described less favorable terms and conditions of employment that he was subjected to were illegal workplace disability discrimination as prohibited by the ADA.

56. Defendant was aware that Plaintiff filed a cause of action with the EEOC, and were aware that Plaintiff alleged that he was being treated less favorably by the City due to his national origin during the Commission hearing.

57. Plaintiff suffered an adverse action, as he was terminated by the Commission on April 13, 2021.

58. A causal connection exists between the Plaintiff's protected activity and Defendant's adverse action against him.

59. That as a direct and proximate result of one or more of the acts of retaliation as described above, Plaintiff has sustained monetary damages, damage to his professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter the following relief:

A. Enter a declaratory judgment determining that the actions complained of in this Complaint are unlawful in violation of the Americans with Disabilities Act, and issue a mandatory injunction against the Defendant to take affirmative steps to ensure that it and all individuals working under it refrain from engaging in any actions with respect to Plaintiff which are prohibited under its terms;

B. Award compensatory damages to Plaintiff for loss of pay and benefits incurred as a result of the discrimination against him as alleged in the Complaint, pursuant to and within the statutory limits under Title VII and the Americans with Disabilities Act;

C. Award compensatory damages to Plaintiff for mental and/or physical injuries incurred as a result of the discrimination against him as alleged in the Complaint, pursuant to and within the statutory limitation of both Title VII and the Americans with Disabilities Act;

D. Award against Defendant and in favor of Plaintiff such compensatory and exemplary damages as may be permitted by law;

E. Issue a mandatory injunction directing Defendant to reinstate Plaintiff to the position of employment which he held prior to the conduct complained of in this Complaint with all employment duties, responsibilities, salaries, benefits and rights attendant to that position;

F. Assess against Defendant the costs and expenses incurred by Plaintiff in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by him in prosecuting the above case;

G. Award Plaintiff pre-judgment interest for the defined sum of wages and benefits lost;

H. Award against Defendant punitive damages as permitted by law (See *Minix v. Canarecci*, 597 F.3d 824, 830; 7th Cir. 2010; *Bosco v. Serhant,* 836 F.2d 271, 281 (7th Cir.1987));

I. For all further relief the court deems equitable and just.

PLAINTIFF DEMANDS TRIAL BY JURY.

| | |
|---|---|
| Ronald S. Langacker, #6239469<br>Langacker Law, Ltd.<br>210 N. Broadway<br>Urbana, Illinois 61801<br>(217) 954-1025<br>ron@langackerlaw.com | JOSEPH MARTINEZ<br>PLAINTIFF<br><br>By: /s/Ronald S. Langacker<br>Ronald S. Langacker<br>Attorney for Plaintiff |